IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEION JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1442-D |
| VS. | § | |
| | § | |
| CITY OF RED OAK POLICE | § | |
| DEPARTMENT, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant City of Red Oak Police Department ("Department") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's constitutional claim asserted against it. Because the Department lacks the jural capacity to be sued, the court grants the Department's motion.[1]

I

Plaintiff Deion Jones ("Jones") brings an action under 42 U.S.C. § 1983 against the Department, various unknown officers of the Department, and various unknown employees of the Department, alleging that the defendants violated his Eighth Amendment[2] right to be

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The Department contends that Jones's constitutional claim for alleged deprivation of his right to medical care as a pretrial detainee arises under the Fourteenth Amendment. Because the court is dismissing Jones's claim against the Department for the reasons explained in this memorandum opinion and order, it does not address whether Jones should

free from cruel and unusual punishment. Jones alleges that, during his confinement in the Red Oak City Jail following his arrest, defendants acted with deliberate indifference to his serious medical needs by failing to address his repeated complaints that he was experiencing pain in his groin and that his right testicle had become swollen and twisted.

The Department moves under Rule 12(b)(6) to dismiss Jones's complaint with prejudice, contending, *inter alia*, that the Department is a division of the City of Red Oak and is not a separate jural entity that is subject to suit. Jones responds that "[a]fter examining the arguments and authorities in Defendant's motion, Plaintiff does not oppose dismissal on the grounds of lack of jural existence only[.]" P. Br. 2.[3]

II

Jones names the Department as a defendant in this case. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 2007 WL 4403983, at *2 (N.D. Tex. Nov. 2, 2007) (Kaplan, J.), *rec. adopted* (N.D. Tex. Dec. 17, 2007) (Lynn, J.). The Department is not a separate legal entity having jural authority. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (holding that city police department cannot be sued as an independent entity absent authorization by the city); *Williams v. Garland Police Dep't*, 2013 WL 5502808, at *2 (N.D.

---

have pleaded his constitutional deprivation claim under the Fourteenth Amendment rather than under the Eighth Amendment.

[3]The Department also moves to dismiss the complaint under Rule 12(b)(6) on the ground that Jones has failed to plead a medical inattention claim. In his response, Jones "does not agree that his claim is inadequately pleaded." P. Br. 2.

Tex. Aug. 27, 2013) (Horan, J.) (holding that Garland police department is not a legal entity capable of being sued), *rec adopted*, 2013 WL 5502808 (N.D. Tex. Oct. 3, 2013) (Lynn, J.); *Lane v. Red Oak Police Dep't*, 2006 WL 385112, at *2 (N.D. Tex. Feb. 15, 2006) (Kaplan, J.) ("Plaintiff has the burden of showing that the Red Oak Police Department and the Ellis County Judicial System have the capacity to be sued.  However, plaintiff fails to allege or otherwise demonstrate that such defendants are separate legal entities having jural authority. For that reason alone, dismissal is proper."), *rec. adopted*, 2006 WL 618762 (N.D. Tex. Mar. 13, 2006) (Lindsay, J.).  Therefore, Jones's claim against the Department must be dismissed.

* * *

Accordingly, for the reasons explained, Jones's claim against the Department is dismissed with prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED**.

November 17, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE