# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEION JONES | § § § | |
| v. | § § | CASE NO. 3:16-CV-1442-S |
| OFFICER DUSTIN BRAGG | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dustin Bragg's ("Bragg") Motion to Dismiss First Amended Complaint [ECF No. 33]. For the following reasons, the Court grants the motion.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sidney A. Fitzwater to the docket of this Court on March 8, 2018.

This lawsuit arises out of Plaintiff Deion Jones's ("Jones") confinement in the Red Oak City Jail in July 2014. First Am. Compl. ("Am. Compl.") ¶ 7. Between July 21 and July 23, Jones alleges that he complained repeatedly of pain in his groin and of a swollen and twisted right testicle. *Id.* ¶ 8. According to Jones, Bragg and other police officers refused to inspect, treat, or otherwise address the complained-of injury. *Id.* ¶ 9. Jones further alleges that his mother specifically told Bragg about the injury on more than one occasion, but Bragg took no action. *Id.* Ultimately, surgery to remove the testicle was required. *Id.* Jones alleges that he would not have needed surgery had he received medical attention in a timely manner. *Id.*

On May 26, 2016, Jones filed the instant action against the City of Red Oak Police Department and "unknown police officers and employees of the Red Oak Police Department or

1

the City of Red Oak." Compl. ¶ 3. The Court granted the City of Red Oak's Motion to Dismiss on November 17, 2016. Jones then filed his First Amended Complaint on May 10, 2017. In the complaint, Jones asserted § 1983 claims against Bragg for deprivation of Jones's right to medical care in violation of the Eighth Amendment.[1] Am. Compl. ¶¶ 10-14. Bragg was named as a defendant for the first time in the amended complaint.

## II. LEGAL STANDARD

The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the statute of limitations for personal injury claims is two years. *Id.* (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Hernandez v. Thompson*, 464 F. App'x 221, 222 (5th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Under federal law, the limitations period begins to run when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

## III. ANALYSIS

Bragg moved to dismiss the complaint on three grounds – failure to state a claim, qualified immunity, and limitations. Because the Court finds that the claim against Bragg is barred by the applicable statute of limitations, the Court does not reach the other grounds for dismissal.

As noted above, Jones's § 1983 claim is subject to Texas's two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003. Jones's cause of action

---

[1] As Jones apparently concedes, this claim should have been brought pursuant to the Fourteenth Amendment because Jones was a pre-trial detainee at the relevant time.

2

accrued in July 2016, and the parties do not dispute that Jones filed his amended complaint almost ten months after the limitations period expired. However, Jones contends that his amendment to include Bragg as a defendant relates back to the date of the original complaint, which was filed within the limitations period. Pl.'s Br. 6.

The Federal Rules of Civil Procedure allow for relation back in certain instances. Under Federal Rule of Civil Procedure 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Section 16.003 is silent on the issue of relation back. TEX. CIV. PRAC. & REM. CODE § 16.003; *see also Balle v. Nueces Cty.*, 690 F. App'x 847, 850 (5th Cir. 2017). Thus, the Fifth Circuit recently concluded that "the Texas law providing the applicable limitations period does not allow relation back within the meaning of Rule 15(c)(1)(A)." *Balle*, 690 F. App'x at 850.

Rule 15(c)(1)(C) allows for relation back when "the amendment changes the party or the naming of the party against whom a claim is asserted." FED. R. CIV. P. 15(c)(1)(C). This rule "is meant to allow an amendment changing the name of a party to relate back . . . only if the change is the result of an error." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).

Here, Jones named "unknown police officers and employees" as defendants in his original complaint. Compl. ¶ 3. He did not name Bragg as a defendant until after the statute of limitations had expired. In the Fifth Circuit, naming a "John Doe" defendant is not considered a mistake in identifying the correct defendant. *Jacobsen*, 133 F.3d at 320-21. Thus, Jones's amendment substituting Bragg for the "unknown police officer[]" defendants does not relate back. *See Whitt*

*v. Stephens Cty.*, 529 F.3d 278, 282-83 (5th Cir. 2008) ("We have held, however, that an amendment to substitute a named party for a John Doe does not relate back under [R]ule 15(c).").

Because the relation back provisions contained in Rule 15(c) do not apply, Jones's amendment does not relate back to the filing of his original complaint. Thus, his claims against Bragg are untimely and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Bragg's motion to dismiss. The Court denies Jones's request for leave to amend because any claims against parties named in Bragg's place would be barred by limitations. Thus, amendment would be futile. *See Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted for . . . futility of a proposed amendment." (citation omitted)).

**SO ORDERED.**
SIGNED July 2, 2018

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**